IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**TAMMY GREENLEE**                                                                                          **PLAINTIFF**

vs.                                          No. 2:21-cv-2107-PKH

**DRIVEN BRANDS, INC., and DRIVEN**                                              **DEFENDANTS**
**BRANDS SHARED SERVICES, LLC**

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Tammy Greenlee ("Plaintiff"), by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint ("Complaint") against Defendants Driven Brands, Inc., and Driven Brands Shared Services, LLC (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's failure to pay Plaintiff overtime wages under the FLSA and the AMWA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as his FLSA claims. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendants conduct business within the State of Arkansas.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

8. Plaintiff was employed at Defendant's business in Fort Smith. Therefore, the acts alleged in this Complaint had their principal effect within the Fort Smith Division of the Western District and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

10. Plaintiff is an individual and resident of Sebastian County.

11. Separate Defendant Driven Brands, Inc. ("DB Inc."), is a foreign, for-profit corporation.

12. DB Inc.'s registered agent for service of process is Corporation Service Company, at 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608.

13. Separate Defendant Driven Brands Shared Services ("DB Shared Services") is a foreign limited liability company.

14. DB Shared Services' registered agent for service is Corporation Service Company, at 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608.

15. Defendants, in the course of their business, maintain a website at https://www.drivenbrands.com/.

## IV.   FACTUAL ALLEGATIONS

16. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

17. Defendants own and operate a car wash in Fort Smith called Car Wash USA Express.

18. Upon information and belief, in August of 2019 Defendants bought Car Wash USA Express from International Car Wash Group and assumed the liabilities upon acquisition.

19. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

20. Upon information and belief, the revenue generated from DB Inc. and DB Shared Services was merged and managed in a unified manner.

21. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

22. During the relevant time, Defendant had at least two employees who engaged in interstate commerce or in the production of goods for interstate commerce,

or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, such as vehicles.

23. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

24. Plaintiff, in the ordinary course of her employment, handled and used instrumentalities of interstate commerce such as credit cards, the internet and cell phones.

25. Within the three years preceding the filing of this lawsuit, Defendant has continually employed at least four employees.

26. Defendant was, at all times relevant hereto, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA and the AMWA.

27. Defendant employed Plaintiff as a Manager from April of 2019 until February of 2021.

28. Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA and the AMWA and paid her a salary.

29. As a Manager, Plaintiff's primary duties included assisting customers, washing cars, performing administrative tasks and assisting the District Manager with hiring and firing.

30. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid her wages and benefits, controlled her work schedules, duties, protocols,

applications, assignments and employment conditions, and kept at least some records regarding her employment.

31. Plaintiff did not customarily or regularly direct the work of at least two or more other full-time employees or their equivalent.

32. At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA.

33. Plaintiff regularly worked more than 40 hours per week during the relevant time period.

34. Plaintiff estimates she worked between 45 and 60 hours each week.

35. Defendant did not pay Plaintiff 1.5x her regular rate for hours worked over 40 each week.

36. Plaintiff recorded at least some of her overtime hours in Defendant's electronic time-keeping system.

37. At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all hours worked.

38. Plaintiff regularly earned nondiscretionary bonuses and commissions, and these payments should be included in her regular rate when calculating her overtime rate of pay pursuant to 29 C.F.R. §§ 778.208 and 778.117.

39. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

### V.    FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

40. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

41. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

42. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

43. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

44. 29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over 40 each week, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

45. During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

46. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

47. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

48. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VI.   SECOND CAUSE OF ACTION—VIOLATION OF THE AMWA

49. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint

as though fully incorporated in this section.

50.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

51.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

52.     Sections 210 and 211 require employers to pay employees a minimum wage for all hours worked up to 40 and to pay 1.5x regular wages for all hours worked over 40 in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

53.     Despite the entitlement of Plaintiff to lawful overtime wages under the AMWA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over 40 each week.

54.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

55.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, pursuant to Ark. Code Ann. § 11-4-218.

## VII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tammy Greenlee respectfully prays that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA, and their related regulations;

D. An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF TAMMY GREENLEE**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com