# AGREEMENT AND RELEASE ("Agreement")

Driven Brands, Inc. and Driven Brands Shared Services, LLC ("Defendants") and Tammy Greenlee, Greenlee's heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

1. **Last Day of Employment.** Employee's last day of employment with Defendants was on or about February 27, 2021.

2. **Consideration.** In consideration for signing this Agreement, and complying with its terms, Defendants agree:

    a. to pay to Employee Four Thousand, Two-Hundred Sixty-Four Dollars and Fifty-One Cents (**$4,264.51**), less lawful deductions, as backpay and to deliver the payment to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211 within sixteen (16) days of the Court's approval of this Agreement in Case No. 2:21-cv-02107-PKH or the Court's dismissal with prejudice of Case No. 2:21-cv-02107-PKH.

    b. to pay to Sanford Law Firm, PLLC Four Thousand Nine Hundred Dollars (**$4,900.00**), as 1099 income for attorneys' fees and costs delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211 within sixteen (16) days of the Court's approval of this Agreement in Case No. 2:21-cv-02107-PKH or the Court's dismissal with prejudice of Case No. 2:21-cv-02107-PKH, and receipt of a W-9 from Sanford Law Firm, PLLC, whichever is later.

3. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in paragraph "2" above, except for Employee's execution of this Agreement and the fulfillment of the promises contained herein.

4. **Dismissal of Lawsuit, Charge and Release of Wage and Hour Claims.** Employee knowingly and voluntarily releases and forever discharges Defendants, their parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors, assigns, current and former employees, attorneys in the lawsuit referenced below, officers, directors and agents thereof, both individually and in their business capacities, and its employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all wage-related claims, known and unknown, arising through the date that Employee executes this Agreement, that Employee asserted or could have asserted in Civil Action No. 2:21-cv-02107-PKH currently pending in the United States District Court, Western District of Arkansas, Ft. Smith Division, including all wage and hour claims under the Fair Labor Standards Act ("FLSA"), and the Arkansas Wage Payment and Work Hour Laws, including but not limited to the Arkansas Minimum Wage Act ("AMWA"), Ark Code Ann. 11-4-210 et seq..

Employee is not waiving any rights she may have to: (1) her own vested accrued employee benefits under Defendants' health, welfare, or retirement benefit plans as of his last day

of employment with Defendants; (2) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (3) pursue claims which by law cannot be waived by signing this Agreement; (4) enforce this Agreement; and/or (5) challenge the validity of this Agreement.

Nothing in this Agreement prohibits or prevents Employee from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

5. **Acknowledgments and Affirmations.**

Employee affirms that Employee has not filed, caused to be filed, or presently is a party to any claim for unpaid wages against Defendants, except Case No. 2:21-cv-02107-PKH currently pending in the United States District Court, Western District of Arkansas, Ft. Smith Division.

Employee also affirms that Employee has reported and been paid for all hours worked and has been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits which are due and payable as of the date Employee receives the payments specified in Paragraph 2. Employee affirms that Employee has been granted any leave to which Employee was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Employee further affirms that Employee has no known workplace injuries or occupational diseases other than those for which Employee has received workers' compensation benefits.

Employee also affirms that Employee has not divulged any proprietary or confidential information of Defendants and will continue to maintain the confidentiality of such information consistent with Defendants' policies and Employee's agreement(s) with Defendants and/or common law.

6. **Limited Disclosure and Nondisparagement; Return of Property**. Employee agrees that Employee will not directly or indirectly disparage or defame Defendants or any of its officers, directors, employees, shareholders or agents, in any manner likely to be harmful to its or their business, business reputation, or personal reputation, whether orally, in writing, or through electronic means such as social media websites, blog posts or emails regarding any events that have occurred as of the date of this Agreement; provided, however, that Employee may respond accurately and fully to any inquiry or request for information when required by legal process.

Employee affirms that Employee has returned all of Defendants' property, documents, and/or any confidential information in Employee's possession or control. Employee also affirms that Employee is in possession of all of Employee's property that Employee had at

Defendants' premises and that Defendants are not in possession of any of Employee's property.

       7.    **Neutral References**. Defendants shall not make any statement or take any action intended to or reasonably likely to dissuade any prospective employer from hiring Employee. If a reference from a prospective employer is sought from Defendants, Defendants shall provide the reference within a reasonable time, and shall provide only dates of employment, last salary and last position or title. If asked if Employee is eligible for rehire, Defendants shall state that it is Defendants' policy to refrain from providing that information.

       8.    **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the state of Arkansas without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

       9.    **Nonadmission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

       10.    **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

       11.    **Counterparts**. This Agreement may be executed and delivered by one or more of the Parties electronically and by any number of separate counterparts. All counterparts taken together shall be deemed to constitute one and the same instrument.

**EMPLOYEE IS ADVISED THAT SHE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. EMPLOYEE ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO HER SIGNING OF THIS AGREEMENT.**

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

|  | Driven Brands, Inc. and Driven Brands Shared Services, LLC |
|---|---|
| By: *Tammy Greenlee* <br> Tammy Greenlee | By: *Scott O'Melia* (DocuSigned) <br> Scott O'Melia <br> EVP |
| Date: 09 / 03 / 2021 | Date: September 8, 2021 |